Anderson, J.,
delivered the opinion of. the court.
It is well settled that it is no ground for equitable interference that a party has not effectually availed himself of a defence at law. There are cases in which equity will relieve after verdict, although a defence might have been made at law; but only where there has been no fault or negligence on the part of the defendant or his agents. The rule, as laid down by Chancellor Kent in Foster v. Wood, 6 John. Ch. R., 89, is, “that chancery will not relieve against a judgment at law, on the ground of its *being contrary to equity, unless the defendant in judgment was ignorant of the fact in question pending the suit; or it could not be received as a defence; or unless he was prevented availing himself of the defence by fraud or accident, or the act of the opposite party, unmixed with negligence or fault on his part. ’ ’ To the same effect is the declaration of the rule by C. J. Marshall, in The Marine Insurance Company of Alexandria v. Hodgson, 7 Cranch R., 332. It must appear that the omission of the defendant to avail himself of the defence at law “was unmixed with any negligence in himself or his agents.”
This rule is absolutely inflexible, and cannot be violated, even when the judgment is manifestly wrong in law or fact; or when the effect of allowing it to stand will be to compel the payment of a debt which the defendant does not owe, or which he owes to a third person. 3 Lead. Cas. in Equity, p. 467, and cases cited. It is not sufficient to show that injustice has been done, but that it has been done under circumstances which authorize a court of equity to interfere; because if a matter has already been investigated in a court of competent jurisdiction, according to the ordinary rules of investigation, a court of equity cannot take it upon itself to enter into it again. Ibid, citing Bateman v. Willoe, 1 Sch. & Lef. R., 201. To the same effect is the current of Virginia decisions. Many of them are cited by J. Lee in delivering the opinion of the court in Slack v. Wood, 9 Gratt., 40.
Before Robinson & Fairbanks obtained their judgments against R. M. Smith & Son, the debt due them by the Richmond Publishing Company had been assigned to Watts, Dibrell and Gretter, for a valuable consideration. And two of the principal officers of the company were informed of this assignment. In fact, the company had been formally notified of the assignment, as is shown by *the acknowledgment of its treasurer and secretary, endorsed on the notice, and also by his deposition in the cause. It is true that the president, Tyler, who was served wtih the process against the company, testifies that he was ignorant of the assignment, *191 and failed to make defence for the company ; but, on the contrary, testified and acknowledged that the company was indebted to R. M. Smith & Son by the bonds aforesaid, not knowing that they had been assigned to Watts, &c. He admits that he knew that it was the intention of R. M. Smith & Son to assign the said bonds to Watts, Dibrell and Gretter; yet before he answered to the process, he did not even take pains to enquire whether that assignment had been made. He knew that he had been absent in New York, when the assignment might have been made and notice thereof given to the company, yet after being served with process, without enquiring of the other officers whether an assignment had been made and notice thereof given to them in his absence, or making any preparation for the defence of the company, he goes forward carelessly, not to say recklessly, and acknowledges the company’s indebtedness to R. M. Smith & Son. And upon his acknowledgment or testimony judgment was rendered against his company in favor of Robinson & Fairbanks for the amount of their judgment debt against R. M. Smith & Son. And it is remarkable, and evidences the most extraordinary negligence on the part of this agent of the company, that on the same day the judgment was rendered against the company, he was informed that the bonds had been assigned by R. M. Smith & Son to Watts and others for a valuable consideration, of which the company had been notified prior to the judgment and execution of Robinson & Fairbanks against R. M. Smith & Son, and he did nothing to have the error in the judgment against this company corrected, *which might then have been done; but, as the agent and representative of the corporation allowed the judgment to stand.
A corporation can only act through its agents, and must abide the consequences of their acts, done within the scope of their authority. This company’s defence could only be made through its president or other agents; and by their fault and gross negligence it did not avail itself of its defence at law, and allowed judgment to go against it for the want of defence. It is, therefore, not in the power of a court of equity, without overturning long-established principles, to reopen the investigation, revise the judgment of the court of law, and relieve against it. The court is, therefore, of opinion to affirm the decree of the chancellor.
Decree affirmed.
OFFICERS AND AGENTS OF PRIVATE CORPORATIONS.
I. In General.
II. Election of Officers.
III. Official Bonds.
IV. Powers of Oiñcers and Agents Generally.
V. Particular Officers.
A. Directors.
1. Powers.
2. Duties and Liabilities.
B. President.
I. IN GENERAL.
A private corporation, having only an abstract, artificial existence, is, of course, from its very nature incapable of acting except through its agents who possess only such power as the law has deemed fit to bestow upon them. Muhleman v. Nat. Ins. Co.. 6 W. Va. 508.
In Burr's Ex’or v. McDonald, 3 Gratt. 215. it is held that the officers of a private corporation have no private franchise in the offices, but are the mere ministerial agents of the company, to conduct its business for the benefit, and under the authority, of such company.
II. ELECTION OF OFFICERS.
As a general rule the election of officers should conform to the directions in the charter or by-laws, yet. though the election has been irregular, the person so elected becomes an officer de facto, and his acts done under the authority of the company, and colore officii, would be binding on the company, and could not be impeached by strangers on the ground of want of authority. Burr’s Ex’or v. McDonald, 3 Gratt. 217.
In Cross v. West Virginia Cent. & P. Ry. Co., 35 W. Va. 174, 12 S. E. Rep. 1071, it was held that the West Virginia Central Bailway Company is subject to the state laws, which provide that in all elections for directors or managers of incorporated companies, every stockholder shall have the right to vote in person or by proxy for the number of shares of stock owned by him for as many persons as there are directors or managers to be elected, or to accumulate said shares, and give one candidate as many votes as the number of directors multiplied by the number of his shares of stock shall equal, or to distribute them on the same principle among as many candidates as he shall think fit, and that this mode of electing may be enforced by mandamus.
In Currie’s Adm’rs v. Mut. Assurance Soc., 4 H. & M. 315, where an act of incorporation provides that there shall be “three directors, out of whom a president shall be chosen,” it is held sufficient if the president be elected by a legally constituted meeting, and at the same time with the other directors, without having previously been appointed a director.
A corporation may hold general meetings as often as its interest may render it necessary; and at such general meetings the stockholders may remove and appoint such officers as the welfare of the company requires; and a fortiori may this be done, where the officer is elected for a year and until his successor is appointed, the year haying expired. Burr's Ex’or v. McDonald, 3 Gratt. 215.
III. OFFICIAL BONDS.
The rules and regulations of a corporation made for the government of the conduct of its officers, do not become terms and conditions of the bond of its officers, unless such an intention is expressed on the face of the bond. R. & P. R. Co. v. Kasey. 30 Gratt. 218.
Though the officers of a corporation upon discovering the default of a bonded employee should promptly discharge such delinquent, yet where the default is not an evidently dishonest one, amounting to the forfeiture of the bond, the failure to discharge the defaulter will not relieve the sureties on *192 the bond from liability. R. & P. R. Co. v. Kasey, 30 Gratt. 218.
The words “which may be prescribed,” in the official bond of a cashier of a bank, conditioned for the faithful performance of “the duties of the said office of cashier, which may be prescribed by the Board of Directors,” were held, under the circumstances, to mean the same as if the words had been “the duties which have been, are now, or may hereafter be prescribed by the Board of Directors.” Durkin v. Exch. Bank of Va., 2 Pat. & H. 277.
The sureties of an accountant of a bank, are not liable for monies taken by him from the teller’s drawer, without his knowledge or consent, it appearing that the accountant is not entrusted with, or put in possession of, any monies of thebank, as accountant. Allison v. Farmers’ Bank, 6 Rand. 204.
IV. POWERS OF OFFICERS AND AGENTS GENERALLY.
It is well settled that the law of agency applies to officers and agents of a corporation. Corporations, like natural persons, are bound by the acts and con-. tracts of their agents done and made within the scope of their authority; and persons dealing with such agents are affected with notice of the authority conferred on such agents by the constitution and by-laws of the corporation. Bocock’s Ex’or v. Alleghany C. & I. Co., 82 Va. 913, 1 S. E. Rep. 325; Silliman v. F., Or. & C. R. Co., 27 Gratt. 119, and monographic note on “Agency” pending thereto.
To Sell Real Estate.—In Burr’s Ex’or v. McDonald, 3 Gratt. 235, the court held, that it is competent for a corporation to execute a deed of trust conveying its land, by any agent duly empowered and authorized to do the act. This authority may be conferred by the resolution of the company in a general meeting, constituting an officer special agent to convey the land.
Notice to Agents.—In Bank of Virginia v. Craig, 6 Leigh 399, an injunction had been issued against the guardian of an infant to restrain him from selling his ward’s Stock in a bank; a subpcenawith an injunction issued by the clerk to restrain the president and directors of the bank from permitting guardian to transfer the stock, is served on the president. Held, this process, so served, does not bind the bank; nor is it even notice to the bank, actual or constructive, of the equity asserted by the guardian’s sureties in their bill, and the president is not the officer of thebank whose province itis to receive such notice.
Where one is notified of his appointment as a director without declining it. and afterwards receives a summons for the company without remonstrating, held, his acceptance may be presumed, and it is no defence for the company that he, in the absence of collusion, failed to deliver the summons Danville & Western R. R. Co. v. Brown, 90 Va. 340, 18 S. E. Rep. 278.
V. PARTICULAR OFFICERS.
A. Directors.
i. Powers.—The relation between directors of a corporation and the company which they represent is similar to that between principal and agent generally; directors possess the same rights and are subject to the same duties as other agents. See monographic note on “Agency,” appended to Silliman v. F., Or. & C. R. Co., 27 Gratt. 119; Bocock’s Ex’or v Alleghany C. & I. Co.. 82 Va. 913, 1 S. E. Rep. 325.
The directors of a corporation are its officers and agents and represent the interest of that abstract legal entity, as well as the interest of its stockholders. Addison v. Lewis, 75 Va. 701.
A joint-stock corporation has power by by-law to declare that no" person who is attorney against it in a suit shall be eligible as a director. Cross v. W. Va. Cent. & P. Ry. Co., 37 W. Va. 342, 16 S. E. Rep. 587.
In Hulings v. Hulings Lumber Co., 38 W. Va. 351. 18 S. E. Rep. 620, a corporation received its certificate of incorporation and organized under an act called the “Boom Law” ; it was held that according to this statute the board of directors must be composed of those who are stockholders, but they are not required to be residents of the state.
Though a by-law of a corporation authorizes the directors to alter and amend the by-laws, the directors have no authority under such by-law to disregard or alter another by-law which was intended to impose a limitation upon their powers. Accordingly, the board of directors of a railroad company have no authority, without the sanction of a lawful meeting of the stockholders, to lease the road and property of the company with authority to the lessee to operate the road and charge for carrying upon it. Stevens v. Davison, 18 Gratt. 819.
The directors of a corporation occupy a fiduciary relation to such corporation and its property; hence they are bound to discharge their duty prudently, diligently, and faithfully, and apply the assets in case of insolvency, for the benefit of creditors in preference to stockholders and other persons. Planters’ Bank v. Whittle, 78 Va. 737; Sweeney v. Grape-Sugar Co., 30 W. Va. 443, 4 S. E. Rep. 431; Hope v. Valley City Salt Co., 25 W. Va. 789; Hulings v. Hulings Lumber Co., 38 W. Va. 351, 18 S. E. Rep. 620.
But directors are not technically trustees, nor bound to apply the assets ratably among the general creditors. Planters’ Bank v. Whittle, 78 Va. 737.
Directors of an insolvent corporation, who are also creditors of such corporation, may not only make preferences between other general creditors but may also make preferences in their own favor if they act fair and reasonable and absolutely free from fraud. Hope v. Valley City Salt Co., 25 W. Va. 789; Sweeney v. Grape-Sugar Co., 30 W. Va. 444, 4 S. E. Rep. 431; Hulings v. Hulings Lumber Co., 38 W. Va. 351, 18 S. E. Rep. 620. There is a dictum to the same effect in Planters’ Bank v. Whittle, 78 Va. 737.
In Addison v. Lewis, 75 Va. 701, it is held that a contract between a director personally and the corporation which he represents is not absolutely void, but voidable at the election of the party whose interest has been so represented by the party claiming under it; and when a director thus becomes a party to a contract with his company, his obligation to candor and fair dealing, is increased in the precise degree that his representative character has given him power and control derived from the confidence reposed in him.
The power of the directors to bind the company by their representations and admissions exists only while they are acting within the scope of their authority and in due course of business. Crump v. U. S. Min. Co., 7 Gratt. 352; Muhleman v. Nat. Ins. Co., 6 W. Va. 508; Silliman v. Fredericksburg, etc., R. Co., 27 Gratt. 119; Bocock’s Ex’or v. Alleghany C. & I. Co., 82 Va. 913, 1 S. E. Rep. 325.
The stockholders of a corporation having directed the directors to create new stock and sell it; and the directors having instead, acquired original stock and sold it, their act may be ratified subsequently *193 by the stockholders, so as to render the sales valid and binding upon the purchasers. Crump v. United States Min. Co., 7 Gratt. 352.
Where the directors of a corporation have power to bind it by their contracts the majority of the directors may so bind it. Booker v. Young, 12 Gratt. 303.
Where the directors fail to declare dividends at the stated times, as directed by the charter, it is not in their power to declare a dividend to extend back over the periods during which they had failed to declare dividends. Gordon’s Ex’ors v. R., F. & P. R. R. Co., 78 Va. 502. See also, monographic note on “Stock and Stockholders,” appended to Osborne v. Osborne, 24 Gratt. 892.
2. Duties and Liabilities.—A creditor of a corporation cannot generally maintain an action at law against the directors thereof for simple non-feasance of duty to the corporation, or fraud in the management or disposition of the money or property of the corporation. But directors of such institutions, may make themselves liable in an action at law for loss and damages, for false representations made or caused to be made by them, and perhaps acts done or caused to be done by them, with intent thereby to deceive and defraud the plaintiff, and which had the designed effect, and caused loss and damage to the plaintiff, but the false representations made or caused to be made, or acts done or caused to be done by the defendants, and relied on by the plaintiff, and the intent thereby to deceive and defraud the plaintiff, must be averred or alleged in positive terms. Zinn v. Mendel, 9 W. Va. 580.
In an action by a corporation against a subscriber to enforce payment on his subscription, it is held that the false and fraudulent representations made by the agent of a corporation to the defendant at the time of his subscription, is a good defense to the action. Crump v. U. S. Min. Co., 7 Gratt. 352.
If the board of directors of an insolvent corporation declare the dividend of net profits, the directors in their individuality concurring in the act are jointly and severally liable to the corporation's creditors for the amount of the capital stock so divided; but alleged insolvency must be clearly proved. Slaymaker’s Adm'r v. Jaffray, 82 Va. 346; mono-graphic note on “Stock and Stockholders” appended to Osborne v. Osborne. 24 Gratt. 392.
Objection that assignments of assets made by the directors to pay debts for which they are individually bound, are void, by statute, which provides that “No member of the board shall vote on a question in which he is interested, otherwise than as a stockholder,” must be made in the court below, and cannot be raised for the first time in the appellate court. Planters’ Bank of Farmville v. Whittle, 78 Va. 737.
B. President.—If a corporation, which does a large amount of business, from the character of which it must often be required to bring suits and defend suits brought against it, is in its by-laws and action of its board of directors silent as to the duties of its president, and he is left thereby entirely untrammeled, he has as one of the powers inherent in the president of such a corporation authority to take charge of its litigation and to institute and carry on suits for it and in its name and to defend suits brought against it; and in so doing he may employ counsel who may bind the corporation by their action in the suit within the ordinary power of counsel. He has also the inherent power to apply for and obtain a writ of error for the corporation and in its name; and at his pleasure he may dismiss the counsel employed by him in such case as well as the writ of error, unless restrained from so doing by some action of the board of directors. Colman v. W. Va. O. & O. L. Co., 25 W. Va. 148.
A majority of the directors of a bank constitute aboard to do business; and if in the election of a president a majority vote, the person receiving a majority of the votes cast is duly elected. Booker v. Young, 12 Gratt. 303.
When a vacancy occurs by death in the office of president of a corporation, the vice-president may act in his stead and perform the duties, which devolved on the president, though the law, under which the corporation was organized, did not mention the office of vice-president, but after providing for certain officers authorized the company to create other oifices, and it did accordingly create the office of vice-president. Such a vice-president after the death of the president possesses all the inherent power of the president. Colman v. W. Va. O. & O. L. Co., 25 W. Va. 148.
The inherent powers of a president of a bank by virtue of his office are very limited, and it is difficult to say what powers he inherently possesses, if any other than the power to take charge of the litigation of the bank by employing counsel and otherwise. But a president of a bank may be authorized by its directors to do any act, which they are authorized by their charter to do, unless the act to be done can by the charter be done only by the directors themselves. Such authority need not be proven by showing that it was expressly conferred by the board of directors, but may be proven by showing the existence of such facts, as constitute clearly a public holding out that the particular act done or contract entered, into was within the scope of his legitimate delegated authority. The inference, that such authority has been impliedly conferred, may be legitimately drawn by proving that he was in the habit of doing acts or making contracts of the same general character as the particular act or contracts which he has done or made, and that these acts or contracts. which he was in the habit of doing, though applied to different subjects, involved the same general power, except when the acts and contracts, which he was in the habit of doing or making, were so very numerous and so variant in their character as clearly to justify the inference, that he was authorized impliedly to do all acts and make all contracts, which the directors had the power to do or to make, and to confer on the president the right to do or to make. First Nat. Bank of Wellsburg v. Kimberlands, 16 W. Va. 555.
The directors of a bank may ratify any act done or contract made by the president without authority, which they could have authorized him to do or to make. The acceptance of the benefits of a contract made by the president for the bank is an implied ratification of such contract, and if money is received by its cashier for the bank under such contract, even when such receipt was unknown to the directors, it will be a confirmation of the contract, unless the money so received is returned, when its receipt becomes known to the directors. First Nat. Bank of Wellsburg v. Kimberlands, 16 W. Va. 556.
The president of a bank has no authority, virtute officii, to make any admissions which will release the maker of a note to the bank from his legal responsi *194 bility created* by the note. Hodge’s Ex’or v. First Nat. Bank of Richmond, 22 Gratt. 61.
The president of a corporation is not ex officio the agent of the corporation to sell property which it may direct to be sold; and unless appointed the agent to sell, his representations are not binding on the corporation. Crump v. United States Min. Co., 7 Gratt. 353.